**THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION**

DONNY HARBIN                                                              PLAINTIFF

VS.                                                        NO. CV-2013-56

STEVE WILLIAMS AND
SOUTHERN PIPE AND SUPPLY
COMPANY, INC.                                              **DEFENDANTS**

### COMPLAINT

Comes now the plaintiff, Donny Harbin, by and through his attorney, Gerald A.

Coleman, and for his complaint against the defendants, Steve Williams, and Southern

Pipe Inc., states as follows:

1.      The plaintiff, Donny Harbin, is an individual resident of Crittenden

County, Arkansas. The facts and actions alleged herein occurred in Crittenden County,

Arkansas.

2.       The defendant, Steve Williams, is an individual resident of Crittenden

County, Arkansas.

3.      The defendant, Southern Pipe and Supply Company, Inc., is an Arkansas

corporation organized and existing pursuant to the State of Arkansas with its principle

place of business located at 514 S. 4th St., West Memphis, Arkansas, and its agent for

service of process is The Corporation Company, 417 Spring St., Little Rock, Arkansas

72201.

### FACTS

4.      Donny Harbin, hereinafter ("Harbin"), owns and operates a sole

proprietorship called Donny Heating and A/C and Electrical wherein he does contract and

sub-contract work for contractors and individuals for heating, air conditioning, and

electrical work to their homes, offices, or buildings. Through this business, he began using and purchasing supplies from Southern Pipe and Supply Company, Inc. hereinafter ("Southern Pipe") at their West Memphis location and met the defendant, Steve Williams hereinafter ("Williams"). Williams at all times was an agent and employee of Southern Pipe and acting within the scope of his duties.

5.    Harbin has done business with Southern Pipe for approximately 15 years purchasing equipment and supplies he needs for his heat and air business and paying invoices.

6.    In June 2011, Harbin had some cash-flow difficulties due to a FEMA check being delayed. Harbin needed to purchase equipment from Southern Pipe to finish a project at a house on Richland Street in West Memphis. He advised Williams that he did not have the funds at that time to make the payment. Williams advised Harbin to write the check in the amount of $953.01 to Southern Pipe and Williams would make sure that when the check came back it would be held and not negotiated further if Harbin would do some future unnamed favors for Williams. While unsure of the favors, Harbin agreed and proceeded with the arrangement.

7.    The check came back as not sufficient funds on or about June 30, 2011. Harbin continued to do business with Southern Pipe after June 30, 2011, and received no notice or claim concerning the check wrote on June 21, 2011 for $953.01.

8.    On or about May 23, 2012, Williams, acting within his scope and duty as employee of Southern Pipe, approached Harbin, and stated that he needed to transfer funds from Southern Pipe into Harbin's account in the amount of $15,353.00. Harbin then would write a check to Williams personally for $10,000.00. Harbin objected to this,

as it seemed illegal to him, but Williams threatened him with arrest for the prior hot

check. Harbin agreed to the demand. Williams transferred the money from Southern Pipe

in the amount of $15,353.00 on May 23, 2012, and Harbin wrote a check on May 23,

2012 to Williams personally for $10,000.00.

9.      Harbin was employed by Williams to do some work for Southern Pipe at

various locations. He also had property which Southern Pipe had access to. Southern Pipe

lost his property. Harbin was owed approximately $4,000.00 for equipment of his that

Southern Pipe had taken and promised to replace.

10.     Harbin was owed $4,000.00, so transferred that amount out of the account

for his personal use. Williams then demanded that Harbin write him a check for the entire

$5,353.00, Harbin refused. On May 23, 2012, a check for $5,353.00 to Williams on

Harbin's account was presented to the bank, but said check came back as not sufficient

funds. Harbin did not sign or authorized that check.

11.     Harbin was approached by Williams regarding transferring even more

funds into his account from Southern Pipe and paying Williams. Harbin, by this time, had

concluded that this arrangement was questionable, and refused to do it further. After that

refusal, Williams filed an Affidavit under the Arkansas Hot Check Law against Harbin

for the original check of $953.01 acting within the scope and duty of Southern Pipe.

12.     That on or about June 27, 2012, Harbin was driving with two of his co-

workers to a job, and was pulled over for a minor traffic offense and was arrested and

taken to jail. Harbin had to employ an attorney and prepare for a trial. The trial of the

case was set on October 3, 2012, and he appeared in Court and Williams, who was to

appear on behalf of Southern Pipe, failed to appear at the hearing. All charges were dismissed.

13.     Upon information and belief, Williams had engaged in similar conduct on prior occasions, and Southern Pipe was aware of his conduct, condoned his conduct, and took no steps to stop his conduct. Southern Pipe knew or should have known that Williams would take advantage of Southern Pipe customers, such as plaintiff, and took no measures to prevent that action.

## COUNT I
## ABUSE OF PROCESS

14.     The allegations contained in paragraphs 1 through 14 are incorporated herein by reference.

15.     The defendants filed an incomplete and false Affidavit with the Court in order to obtain the arrest of the plaintiff. That said action was undertaken maliciously and with intent to punish plaintiff and deprive him of his liberty.

16.     The plaintiff had to suffer arrest and humiliation in front of his friends, co-workers, and the citizens of Crittenden County. Plaintiff had to appear in Court, hire an attorney, and properly defend himself.

17.     That said action is willful and intentional on the part of the defendants and punitive damages should be assessed.

## COUNT II
## FALSE IMPRISONMENT

18.     The allegations contained in paragraphs 1 through 18 are incorporated herein by reference.

4

19.     That on or about June 27, 2012, plaintiff was unlawfully, forcibly, and falsely restrained and deprived of his liberty and placed in jail for a number of hours against his will in Crittenden County, Arkansas. That jailing was a result of false accusations and intentional misconduct on behalf of the defendants.

20.     That plaintiff was damaged for the deprivation of his liberty, the mental anguish he suffered as a result of being arrested, and the humiliation.

COUNTS III AND IV<br>OUTRAGE AND INTENTIONAL INFLICTION OF EMOTIONAL DURESS

21.     The allegations contained in paragraphs 1 through 21 are incorporated herein by reference.

22.     That the defendant, Williams, with the acquiescence and support of Southern Pipe undertook the action of filing to have the plaintiff arrested under the hot check law in order to humiliate and inflict mental anguish and distress. Defendants intentionally undertook the above actions to humiliate and inflict mental anguish and distress upon the plaintiff.

23.     That the defendant, Southern Pipe, knew that Williams might conduct himself in this manner toward the plaintiff and other persons in his situation, and still allowed him to proceed unsupervised in his interactions with customers.

24.     That the defendant, Southern Pipe, knew that they should supervise and review all hot check and other actions wherein a customer was being charged with a crime based upon the affidavit of Williams, and failed and refused to do so to protect plaintiff and other people in plaintiff's situation.

25.     The actions and inactions by both Williams and Southern Pipe were intentional.

26.     That all the acts set out above were intentional and subject to punitive damages.

## DAMAGES

27.     Plaintiff has been damaged among other things in the following particulars:

    a.  He was deprived of his liberty for a period of hours.

    b.  He had to appear in Court on multiple occasions.

    c.  He had to employ an attorney to defend him in this action, and pay fees.

    d.  He suffered severe mental anguish from being arrested, humiliated, and worrying about being imprisoned, the outcome of the case, and his standing in the community and his business. This was almost more than he could bear, and more than any person should be subjected to in society.

    e.  He suffered humiliation in front of his friends, co-workers, family, and the community at large. All these things the plaintiff should be compensated for in a just and proper amount.

28.     Plaintiff demands a jury trial on all issues.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff, Donny Harbin, prays he have judgment over and against the defendants jointly and severely in the sum in excess of that required for Federal Diversity Jurisdiction, for compensatory damages, punitive damages, his attorney fees incurred, and plaintiff further prays for and all other just and proper relief to which he may be entitled.

RESPECTFULLY SUBMITTED,

BY: _____

GERALD A. COLEMAN
DURRETT AND COLEMAN
105 North Avalon
P.O. Box 1667
West Memphis, AR  72301
(870) 735-3735

## VERIFICATION

STATE OF ARKANSAS
COUNTY OF CRITTENDEN

 Donny Harbin, as plaintiff, being first duly sworn, states that the statements of fact contained in the foregoing Complaint are true and correct to the best of his knowledge, information and belief.

_____
Donny Harbin

 Subscribed and sworn to before me this _11th_ day of _February_, 2013.

_____
NOTARY PUBLIC

RENE AYCOCK
Crittenden County
My Commission Expires
August 25, 2013

My Commission Expires: